1

2

3

4

5

6

7

8           UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
9                    AT SEATTLE

10   CAROL L. BEAM,                          CASE NO. C13-1571-MJP

11                 Plaintiff,                ORDER AFFIRMING
                                             COMMISSIONER
12        v.

13   CAROLYN W. COLVIN,

14                 Defendant.

15        The Court has reviewed the entire record, including the Administrative Record, the

16   memoranda of the parties, the Report and Recommendation ("R&R") of United States Magistrate

17   Judge Mary Alice Theiler, Plaintiff's objections, and the Commissioner's response.  The Court

18   ORDERS as follows:

19        (1)  The Court ADOPTS the R&R;

20        (2)  The Court AFFIRMS the decision of the Commissioner

21                                      **Background**

22        Plaintiff Carol Beam is 51 year old woman who graduated from high school and attended

23   some college.  She previously worked as a paralegal and property manager.  (Dkt. No. 15.)  She

24   applied for social security benefits in 2010, alleging she has been disabled since March of 2007.

(Administrative Record "AR" at 187-188.)  Her initial application was denied.  (AR 99-105.)  After taking testimony from a vocational expert, Plaintiff, and reviewing the record, an Administrative Law Judge found Plaintiff was not disabled.  (AR 10.)  An appeals counsel denied Plaintiff's request for review.  Plaintiff applied the final decision of the Commissioner to this Court.  Magistrate Judge Theiler issued an R&R recommending this Court affirm the ALJ decision.  (Dkt. No. 15.)

Beam's objections to the ALJ's decision and the R&R take three basic forms.  (Dkt. No. 16.)  First, she argues the R&R improperly discredited the opinions of two doctors.  (Id. at 1-3.) Second, she objects to the weight given to her own testimony and the ALJ's credibility determinations.  (Id. at 6.)  Last, she objects that the ALJ failed to account for lay testimony, which supports the notion that she has limited ability to perform daily activities and needs to lie down frequently.  (Id. at 10.)

**Discussion**

A.  Legal Standard

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters.  Fed.R.Civ.P. 72(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Id. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The court reviews de novo those portions of the report and recommendation to which specific written objection is made.  United States v. Reyna–Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."  Id.

Although review of an R & R is de novo, the court must defer to the ALJ's factual findings and may set aside the Commissioner's denial of social security benefits only if the

1   ALJ's findings are based on legal error or not supported by substantial evidence in the record. 42

2   U.S.C. § 405(g); Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005).  In this way, the

3   court's review of the R & R is different from the court's review of the underlying decision of the

4   ALJ.  With respect to the underlying decision, the court must examine the record as a whole and

5   may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Thomas

6   v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  The ALJ determines credibility, resolves

7   conflicts in medical testimony, and resolves any other ambiguities that may exist.  Andrews v.

8   Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).  When the evidence is susceptible to more than one

9   rational interpretation, the court must uphold the ALJ's conclusion.  Thomas, 278 F.3d at 954.

10          B.  Alleged Errors in Evaluating Medical Evidence

11          Beam makes slightly different objections about the ALJ's consideration of each report,

12  but, generally, she argues that the ALJ failed to give sufficient weight to statements from each

13  medical practitioner, which went against the ALJ's ultimate conclusion that Beam was not

14  disabled.  (Dkt. No. 16 at 1-3.)

15          Beam's first objection is that the ALJ should not have rejected the report by Dr.

16  Andersen.  (Id. at 1.)  She argues the ALJ erred under the Ninth Circuit's decision in Ryan v.

17  Comm'r, Soc. Sec. Admin., 528 F.3d 1194 (9th Cir. 2008), which held:

18          [A]n ALJ does not provide clear and convincing reasons for rejecting an
            examining physician's opinion by questioning the credibility of the patient's
19          complaints where the doctor does not discredit those complaints and supports his
            ultimate opinion with his own observations.
20
    Id. at 1199–1200.

21          Here, unlike in Ryan, Dr. Andersen did question Beam's credibility.  Dr. Andersen noted
22
    that despite reporting pain levels of 7 on a scale of 1 to 10, Beam sat in a position during the
23
    interview that would have been "uncomfortable" for someone with such severe pain.  (AR 394.)
24

1    Dr. Anderson also wondered about both primary and secondary gain.  (Id.)  The ALJ correctly

2    noted that Dr. Anderson did "not find the claimant [Beam] entirely convincing."  (AR 19.)  This

3    finding is supported by substantial evidence.

4           Next, Beam argues the R&R erred because Dr. Andersen did not entirely rely on self

5    reported symptoms.  (Dkt. No. 16 at 3.)  But, Dr. Andersen's own mental observations revealed

6    no deficiency in concentration and found "her reality appears to be intact."  (AR 397.)  The

7    Court agrees with the R&R: the ALJ provided sufficient reasons to discount Dr. Andersen's

8    opinions.

9           Beam objects to the R&R on the basis that Dr. Lippman's opinion should have been

10   given more weight by the ALJ.  (Dkt. No. 16 at 4.)  Beam repeats the same argument made to the

11   Magistrate - that the singular reason the ALJ offered to reject Dr. Lippman's opinion was faulty.

12   (Id.)  The Court finds the R&R and ALJ's reasoning supported by the record: the limitations

13   proposed by Dr. Lippman were supported entirely by Beams' self reported symptoms, which the

14   doctor himself questioned.  (AR 433.)  Moreover, the ALJ correctly noted that there is no

15   medical explanation for many of Beam's self-reported symptoms.  Finally, Beam objects to the

16   R&R's handling of her fibromyalgia diagnosis arguing, "this was significant error since

17   fibromyalgia does not carry the type of objective findings cited by the ALJ in his rejection of Dr.

18   Lippman's opinion."  (Dkt. No. 16 at 5.)  While Dr. Lippman found Beam's fibromyalgia

19   contributed to her fatigue, he attributes no other impairment caused by the disorder.  (AR 433.)

20   Beam attempts to import a significance to that diagnosis that Dr. Lippman himself did not apply.

21   The Court finds the ALJ's conclusions as to Dr. Lippman supported by the record.

22          The Court finds the ALJ's conclusions on these supported by the record and ADOPTS

23   the R&R.

24

C.  Beam's Credibility

Beam objects to the R&R affirming of the ALJ's finding as to her credibility.  (Dkt. No. 16 at 6.)  These objections repeat the same arguments made to the Magistrate Judge.  The Court finds no error in the ALJ's decision as to her credibility and ADOPTS the R&R.

First, the ALJ found and cited to multiple instances in the record where Beam over reported and exaggerated her symptoms.  As the R&R correctly outlines, this is not an instance ALJ discredits a claimant's testimony because the symptoms are not fully corroborated by the medical record.  (Dkt. No. 15 at 5.)  Instead, the ALJ pointed to instances where the medical record undermined Beam's credibility.  Thus, the ALJ's findings are supported by the record.

Second, the R&R is correct that the ALJ may draw reasonable inferences from the evidence.  (Id. at 7.)  In this case, that means Beam's dependence on pain medication contributed to her medical complaints.  Beam's objections miss the point that her pain was exacerbated by her medication, rather than a medical condition.  The ALJ could reasonably find Beam's testimony as to the severity of the impairment undermined.

Third, the R&R correctly found the ALJ was not unreasonable in concluding the lack of mental health treatment undermined Beam's credibility.  Beam objects on the grounds that, "the fact that she was not receiving a particular kind of treatment that the ALJ thought might work better is not a reason to impugn her credibility…" (Dkt. No. 16 at 9.)  Beam misstates the ALJ's reasoning.  The ALJ explained,   [t]he fact that she did not pursue treatment with a mental health specialist during the relevant period suggest she did not think her depressive symptoms warranted such treatment." (AR 10-2 at 18-19.)  The ALJ further found, "her tears are in response to a specific circumstance [children growing up] that understandably causes her

1 unhappiness and distress." (Id.)  The ALJ's findings are supported by the record.  The Court

2 ADOPTS the R&R.

3       Finally, Beam objects to the ALJ's conclusion that her poor work history is indicative of

4 her lack of interest in finding employment.  She attempts to distinguish this case from the

5 authority cited by the Magistrate, Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).  But

6 here, like in Barnhart, the ALJ provided clear and convincing reasons why the disability claim

7 must be placed in her work history context: Beam's own testimony that she considered herself

8 "retired," as well as her lack of earnings for years prior to the date her alleged disability began.

9 (AR 18.)  Beam argues that throughout this period she in fact did complain about her symptoms

10 to medical professionals.  She fails to cite anything in the record to support this contention.  (Dkt.

11 No. 16 at 9.)

12       D.  Lay Testimony

13       Beam also argues the ALJ erred in rejecting the testimony of her husband, Mr. Schuster.

14 The R&R correctly notes that his testimony contradicts Beam's own testimony as well as the

15 medical evidence.   Unlike the cases cited by Beam—regarding lay testimony substantiating

16 medical opinions and records— Mr. Schuster contradicts the medical record before the Court.

17 Therefore, the Court adopts the R&R.

18                               **Conclusion**

19     In sum, The Court ADOPTS the R&R and AFFIRMS the decision of the Commissioner.  The

20 clerk is ordered to provide copies of this order to all counsel.

21       Dated this 11th day of July, 2014.

22

23                                     Marsha J. Pechman

24                                     Chief United States District Judge